## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JADESOLA ADENIKINJU | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No. PJM-15-2281** |
| | ) | |
| WASHINGTON METROPOLITAN | ) | |
| AREA TRANSIT AUTHORITY | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

## REPORT & RECOMMENDATION

1.      On December 9, 2015 you referred the above-captioned case to the undersigned for "all discovery and related scheduling matter."  *See* ECF No. 19;

2.      On January 14, 2016 the undersigned issued an Order granting Defendant's Motion to Compel Discovery.  *See* ECF No. 20;

3.      The undersigned directed Plaintiff to provide Defendant's counsel *executed* answers to Defendant's interrogatories not later than Monday, February 1, 2016.  *Id.* ¶ 9.  The undersigned explained to Plaintiff (who is *pro se*) that his answers to the interrogatories must be "under oath."  *Id.* ¶ 8;

4.      The undersigned further ordered Plaintiff to appear for his deposition not later than Wednesday, February 17, 2016.  *Id.* ¶ 10;

5.      The undersigned advised Plaintiff about potential consequences if he failed to comply with the Order.

> That if Plaintiff fails to serve executed answers and/or fails to appear for deposition as ordered in the previous paragraphs, counsel for Defendant shall notify the undersigned by correspondence via the Court's CM/ECF.  If such correspondence

1

> is received, the undersigned shall recommend to Judge Messitte that he sanction Plaintiff by (a) prohibiting Plaintiff from supporting his designated claims or prohibiting Plaintiff from introducing designated matters in evidence, (b) striking Plaintiff's pleadings in whole or in part or (c) dismissing the case. *See* Fed. R. Civ. P. 37(b)(2)(A)(ii), (iii), (v)[.]

*Id.* ¶ 11;

6.      On January 21, 2016 counsel for Defendant filed a Status Report disclosing that discovery is not complete.  WMATA noted the undersigned's Order of January 14, 2016 specifically, Plaintiff's obligation to provide executed answers to interrogatories by February 1, 2016 and to appear for a deposition on February 17, 2016.  *See* ECF No. 21 at 1 ¶ 1;

7.      In the Status Report counsel for Defendant advised, "WMATA intends to file a Motion for Sanctions seeking dismissal based on Plaintiff's discovery failures and his failure to prosecute." *Id.* ¶ 2;

8.      To date, WMATA has not filed its motion for sanctions;

9.      On February 29, 2016, counsel for WMATA filed correspondence addressed to the undersigned's attention.  Counsel notified the undersigned about Plaintiff's failure to provide executed answers;

10.     Further, on the same day the undersigned issued the Order of January 14, 2016, counsel for WMATA mailed a notice of deposition to Plaintiff, informing Plaintiff that his deposition will occur on February 17, 2016 starting at 10:00 a.m.  *See* ECF No. 22 at 7.  Plaintiff failed to appear as recorded by the deposition transcript.  *See id.* at 3-4.  WMATA requests Plaintiff's complaint be dismissed with prejudice.  *Id.* at 1;

11.     The undersigned has reviewed the docket.  WMATA removed this case from the District Court of Maryland for Prince George's County on August 4, 2015.  *See* ECF No. 1.  The court issued a Scheduling Order on September 9, 2015.  *See* ECF No. 11.  Although Plaintiff's

former counsel participated in the parties' planning meeting as reflected by the Report of Parties'
Planning Meeting (ECF No. 13), the only other filings on Plaintiff's behalf were (a) Motion to
Withdraw as Attorney (ECF No. 12 filed September 14, 2015), (b) Motion to Withdraw as
Attorney (ECF No. 15 filed October 13, 2015) and (c) Notice by Plaintiff's counsel regarding
two motions to withdraw as attorney (ECF No. 16 filed October 13, 2015).  On October 19, 2015
the court found as moot Motion to Strike Appearance (ECF No. 12) and granted Renewed
Motion to Withdraw Appearance (ECF No. 15).  *See* ECF No. 17;

12.     That Plaintiff has not taken any action to prosecute his case in the past four and a
half months;

13.     That Plaintiff has completely disregarded the undersigned's Order of January 14,
2016;

14.     That based on the above, the undersigned recommends Plaintiff's case be
***dismissed with prejudice***; and

15.     That a copy of this Order, the accompanying letter addressed to Plaintiff and
counsel for WMATA, and Federal Rule of Civil Procedure 72 be mailed to *pro se* Plaintiff.

March 3, 2016                                  _____/s/_____
                                                         WILLIAM CONNELLY
                                                         UNITED STATES MAGISTRATE JUDGE